FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN JEREMY HAYDEN,<br><br>Defendant. | No. 2:25-CR-00173-TOR-3<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION DENIED**<br>**(ECF No. 213)** |

On June 15, 2026, the Court held a detention review hearing to consider Defendant BRIAN JEREMY HAYDEN's Motion to Modify Conditions of Release. **ECF No. 213**. Defendant appeared while in custody represented by court appointed counsel Bryan Whitaker. Assistant U.S. Attorney Jeremy Kelley represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

***Basis to Reopen Detention Hearing:*** Defendant initially waived his right to a detention hearing but reserved the right to revisit the issue of detention if his circumstances changed. ECF No. 188. Defendant now seeks to reopen the question of detention, and the Court finds that Defendant's Motion to Modify Conditions of Release, **ECF No. 213**, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct a detention hearing.

ORDER - 1

***Detention Hearing:***  Defendant, through counsel, made proffers in support of Defendant's release.  Specifically, Defendant proffered a release plan wherein Defendant would temporarily release from custody to attend inpatient substance abuse treatment at Pioneer Human Services.  Defendant contended the proposed temporary release plan would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.

The United States opposed Defendant's release and contended there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.  The Government asserted Defendant has a poor record of compliance while on state supervision in both Washington and in California, does not have support in this area, and currently faces a multitude of fraud charges in the instant case, including a charge of Aggravated Identity Theft that carries a 24-month mandatory minimum sentence.

***Review and Consideration of the 18 U.S.C. § 3142 Factors:***  The Court has reviewed and considered:  the proffers and arguments of counsel; the file in this case; the Criminal Complaint, ECF No. 1; the Indictment, ECF No. 4; the Government's Motion for Detention, ECF No. 178; the Pretrial Services Report, ECF No. 179; the Order Granting United States' Motion for Detention, ECF No. 188[1]; and Defendant's Motion to Modify Conditions of Release, **ECF**

---

[1] Defendant did not challenge the basis for a detention hearing pursuant to 18 U.S.C. § 3142(f).  Based on the record before the Court, in particular the Government's proffer in the Motion for Detention, ECF No. 178 at 3-4, and Defendants' criminal history reflected in the Pretrial Services Report, ECF No. 179, there is a sufficient basis to hold a detention hearing pursuant to 18

ORDER - 2

**No. 213**.  Pursuant to 18 U.S.C. § 3142, the Court also considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).

 ***Nature and Circumstances of the Charged Offense:***  The nature and circumstances of the charged offenses are serious and weigh in favor of detention. The Indictment charges Defendant with Conspiracy to Commit Mail Theft, in violation of 18 U.S.C. §371 (Count 1); Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §1349 (Count 2); Possession of Counterfeit Postal Keys, in violation of 18 U.S.C. §1704 (Count 5); Mail Theft, in violation of 18 U.S.C. §1708 (Count 8); Bank Fraud, in violation of 18 U.S.C. §1344 (Count 10, Count 13, Counts 19-26); Access Device Fraud, in violation of 18 U.S.C. §1029(a)(5) (Count 27); and Aggravated Identity Theft, in violation of 18 U.S.C. §1028A (Count 28).  ECF No. 4.

 ***Weight of the Evidence:***  The weight of the evidence was sufficient for the return of an Indictment, and appears to be significant, though this is the least important factor in the Court's analysis.  This factor also weighs in favor of detention.

---

U.S.C. § 3142(f)(2)(A) (serious risk of flight) and (f)(2)(B) (serious risk of obstruction).

ORDER - 3

***Defendant's History and Characteristics:*** Defendant is 40 years old and has lived in Spokane for the last four years. ECF No. 179 at 2. Defendant's mother resides in California. *Id.* Defendant is single and has no children. *Id.* Defendant did not graduate from high school, but did earn his GED. *Id.* Defendant has completed some college courses but does not have any degrees. *Id.* Defendant has been unemployed since his arrest in October 2025. *Id.* Defendant has a long history of substance abuse beginning at age 15. *Id.* at 3. Defendant reported a history of consuming alcohol, marijuana, ecstasy, cocaine, LSD, heroin, and fentanyl. *Id.* Defendant reported regular use of methamphetamine and fentanyl prior to his arrest. *Id.* Defendant reported attending substance abuse treatment three times while in California. *Id.* Defendant has an extensive criminal history, including convictions for: burglary (2007); receive known stolen property (2007); receive known stolen property and possess controlled substance (2007); manufacture/sale/possess metal knuckles (2016); two counts of second degree burglary (2016); possession of a controlled substance while armed and charge unknown (2017); get credit/use other's identification (2022); and acquire identification information with intent to defraud (2022); *Id.* at 3-7. Defendant also has failed to appear for court hearings on at least six prior occasions in Washington and has eight instances of probation violations/revocations and/or reinstate of sentences with a sentence modification. *Id.* Finally, the Government also proffered that Defendant may have been on active DOC supervision at the time of the instant alleged offenses.

This factor weighs in favor of detention. Defendant appears to have limited contacts to this District and has a significant criminal history, including multiple instances of failures to appear and violations of probation and court-imposed conditions. Defendant also appears to have a history of using fraudulent

ORDER - 4

identification documents.  ECF No. 178 at 4.  Finally, the Government also proffered that Defendant was overheard on jail calls stating a desire to flee the jurisdiction prior the existence of the instant federal Indictment.  *Id*. at 4-5.

***Nature and Seriousness of the Danger to the Community Posed by Defendant's Release:***  The nature of the charges in this case are serious and, again, Defendant's criminal history includes multiple failures to appear and violations of probation.  The nature and serious of the danger to the community and any other person posed by Defendant's release—even for the temporary purpose of attending inpatient substance abuse treatment—must be weighed against the confidence the Court can have that Defendant would abide by any conditions of release the Court could impose.  Ultimately, this factor weighs in favor of detention.

***Findings Pursuant to 18 U.S.C. § 3142:***  The Court finds the United States established by a preponderance of the evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings and the United States established by clear and convincing evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure the safety of other persons or the community if Defendant were released.

**IT IS ORDERED:**

1.    Defendant's Motion to Modify Conditions of Release, **ECF No. 213,** is **DENIED**.  Defendant shall be held in detention pending disposition of this case or until further order of the Court.  Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel

ORDER - 5

2.     If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket, and Richland cases shall be heard on the following Thursday docket.  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

3.     If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant.  If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

4.     If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order

ORDER - 6

Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED June 16, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7